CATHERINE CHIESA, Respondent, *v.* STATE OF NEW YORK, Appellant. (Claim No. 52427.)

Third Department, January 31, 1974.

*Louis J. Lefkowitz, Attorney-General (Douglas L. Manley* and *Ruth Kessler Toch* of counsel), for appellant.

*Curtis & Warren (Leonard H. Warren* of counsel), for respondent.

SWEENEY, J. This is an appeal from a judgment in favor of claimant, entered September 14, 1972, upon a decision of the Court of Claims.

The facts are not in dispute. The State appropriated some 22 acres of claimant's 193-acre tract of land for the purpose of constructing a new Thruway interchange. Prior to the taking, some portions of claimant's property were landlocked and without access. Both claimant's and the State's experts agreed, however, that the remaining land now located near a planned new interchange was enhanced in value by the taking. This was substantiated by proof of recent sales. The trial court awarded claimant $5,980 as direct damages for the land taken.

The sole issue for our determination is whether the award for direct damages should have been offset by the increased value of the remaining property. Concededly, if this were done, the award would be canceled out.

The State contends that claimant sustained no loss, since the over-all value of the land after the taking clearly exceeded its before value. It characterizes the award for direct damages as an additional windfall, based on neither logic nor fairness. While it is unable to cite any previous New York ruling to substantiate its position, the State urges that we apply the rule permitting the setting off of special and direct benefits from the value of the land taken, which was established by the United States Supreme Court in the case of *Bauman* v. *Ross* (167 U. S. 548). It maintains that *Matter of City of New York (Cons. Gas Co.)* (190 N. Y. 350), strongly relied upon by claimant and the trial court, has been implicitly overruled by more recent decisions. (*Acme Theatres* v. *State of New York,* 26 N Y 2d 385; *Remsen* v. *State of New York,* 33 A D 2d 615, affd. 30 N Y 2d 688.) The State further contends that the general principle that the measure of damages in partial taking cases is the difference between before and after values impliedly requires the offset of direct damages by any benefit to the remainder. (*Diocese of Buffalo* v. *State of New York,* 24 N Y 2d 320.)

Claimant contends, on the other hand, that, while *Matter of City of New York (supra)* was decided some 65 years ago, it is still sound law today and dispositive of the present issue. We agree.

Private property shall not be taken for public use without just compensation. (N. Y. Const., art. I, § 7.) This, in our opinion, means fair and adequate monetary compensation for land actually taken, regardless of any benefits which may be conferred upon the remainder due to the direct taking. The value of the land taken is to be determined as of the date of the taking, and such a rule, in our opinion, appears to be empirically fair and just. (3 Nichols, Eminent Domain [3d ed.],

§ 8.6206 [1], pp. 97–98.)  The State must compensate for the land actually taken.  Any so-called " windfall " results from subsequent sales of the remaining land to third parties and in no way creates a burden on the taxpayer.  The application of a rule permitting a setoff against direct damages for enhancement to the remainder would be an unconstitutionally discriminate exercise of taxing power in favor of a neighboring owner who suffers no loss of land, but benefits by the public improvement which led to the taking.  Concededly, his land might be enhanced as much or more than that of a condemnee, and yet, he pays nothing for such benefit.

In *Matter of City of New York (supra)*, a statute which assumed to offset benefits against the value of the land strictly in the exercise of eminent domain was determined not to be a valid exercise of the power of taxation because it was arbitrary selection and violative of the Fourteenth Amendment. The rule of compensation struck down in that case provided that the before and after values were to be ascertained and the difference in value, " be it more or less than the separate value of the part taken " was to constitute the measure of damages.  (190 N. Y., at 353.)  It is noted also that the court emphasized a similar statute, although upheld in *Bauman* v. *Ross (supra)*, further provided for an assessment of one half the cost of the improvement upon adjacent property (*supra,* p. 362).

Consequently, it is our opinion that the " before and after " rule, as the ultimate measure of damages as reiterated in *Diocese of Buffalo* v. *State of New York (supra)* and urged by the State on this appeal, is not applicable in the case before us.  We find no implicit overruling of *Matter of City of New York (supra)* by the Court of Appeals in its recent decisions.  The error both in *Acme Theatres* v. *State of New York (supra)* and in *Remsen* v. *State of New York (supra)* was in valuing the land actually taken.  Likewise, there was error in valuing the retained property in the *Diocese of Buffalo* case (*supra*).

We conclude, therefore, that any benefit to claimant's remaining lands from the State's appropriation may not be used as an offset against the award for direct damages for the property taken by the State.

The judgment should be affirmed, without costs.

HERLIHY, P. J., GREENBLOTT, COOKE and KANE, JJ., concur.

Judgment affirmed, without costs.